■ EILEEN BISOGNA, Respondent, v DONNA ANN ECONOMOS et al., Respondents, and VERIZON COMMUNICATIONS, INC., Appellant. [839 NYS2d 498]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 15, 2006, which denied defendant Verizon's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint and all cross claims dismissed as to Verizon. The Clerk is directed to enter judgment accordingly.

In this personal injury action arising out of a motor vehicle accident that occurred on Amboy Road on Staten Island, south of its intersection with Emmet Avenue, it is undisputed that a Verizon truck was parked on Amboy Road north of the intersection. The record establishes that immediately preceding the accident, defendant Economos was driving a car rented from Enterprise on Emmet Avenue, a one-way street with the traffic moving toward Amboy Road, a two-lane, two-way street that forms the top of a "T" intersection with Emmet Avenue. Ms. Economos testified that when she reached the intersection, she stopped at the stop sign and then inched up past the Verizon truck, which was parked on Amboy Road to her right, so she could see the approaching traffic to her right, and when all was clear in both directions, she executed her left turn from Emmet Avenue onto Amboy Road. She then proceeded south on Amboy Road for less than a minute, but "definitely more than 30 seconds," and was "well past the corner. I already executed a full complete left into the proper lane heading westbound [*sic*], was driving a few yards up and the car shot clear across my lane with a bang and that's it . . . . [The other car] came out of nowhere, she shot across me. There was no forewarning. She was in the oncoming traffic . . . . I was well past Emmet, I was on the corner. Out of nowhere coming right across me is where we made the contact, the impact."

Regardless of what version of events is ultimately determined to be accurate, as can be seen from the foregoing there is nothing in the record to support plaintiff's theory that the accident occurred because the Verizon truck was obstructing the views of those entering from Emmet Avenue onto Amboy Road. Accordingly, Verizon's motion should have been granted and the complaint and all cross claims dismissed against it because there is not a scintilla of evidence that the Verizon truck had anything to do with the accident between plaintiff and defendant Economos. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Catterson and Malone, JJ.